[Civil No. 4157.   Filed February 19, 1940.]

[99 Pac. (2d) 104.]

W. V. PHILLIPS, Appellant, v. GLADYS STILL-WELL, Appellee.

Mr. Marshall W. Haislip, for Appellant.

Mr. A. David Latham and Mr. Elbert R. Thurman, for Appellee.

LOCKWOOD, J. — Gladys Stillwell, hereinafter called plaintiff, brought suit against W. V. Phillips, hereinafter called defendant, charging him with malpractice in his profession as a dentist. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $2,500, and defendant has brought the matter before us for review.

There are five assignments of error, which raise three questions for our consideration, (a) is the evidence sufficient to sustain the judgment, (b) did the court err in refusing to give a certain instruction requested by defendant, and (c) were the damages awarded excessive?

■■ We have examined the entire transcript of evidence carefully. The only serious conflict in the testimony was whether the treatment which it is agreed substantially that defendant gave to plaintiff in his profession as a dentist came within the rule governing malpractice. This rule may be stated in substance as follows: The law requires a professional man, such as a dentist, to have that skill and learning which is possessed by the average member of his profession in good standing, and to apply it with ordinary and reasonable care. He is not liable for mere error of judgment, nor does he guarantee a good result, but he does promise to have and use the skill and learning of the average dentist; to exercise reasonable care, and to exert his best judgment to bring about a good result. *MacKenzie* v. *Carman,* 103 App. Div. 246, 92 N. Y. Supp. 1063; *Butler* v. *Rule,* 29 Ariz. 405, 242 Pac. 436.

■ Evidence as to what constitutes the proper degree of skill, learning and professional conduct can only be given by expert witnesses, and not by the ordinary layman, unless the misconduct is of such a nature that a layman would have no difficulty in recognizing it. In the present case, plaintiff testified as to what defendant did in his treatment of her; a properly qualified expert witness testified, in response to hypothetical questions based on the testimony of plaintiff of what defendant did, that the treatment administered was not, in his opinion, within the standard prescribed by the dental profession. Other equally qualified experts testified that, in their opinion, the treatment was

proper. This left the issue one for the jury, and we cannot say, as a matter of law, the evidence did not justify it in finding that defendant was guilty of malpractice, within the definition above given.

The second question is as to whether the court erred in refusing the following instruction which was requested by defendant:

"You are instructed, gentlemen, that the accepted rule is that negligence on the part of a dentist by reason of his departure from the proper standard of practice, must be established by expert medical testimony, unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it."

■ The requested instruction unquestionably states the law, and it would have been proper for the court to give it, but upon an examination of all of the instructions and the evidence, we think the jury could not have been misled by the lack of the instruction. The trial court fully and correctly instructed the jury as to the degree of skill and learning which a member of the dental profession was required to have and to exercise. The only evidence which attempted to show whether that degree was possessed and exercised by the plaintiff, was expert and not lay testimony. The jury must necessarily have decided this issue upon conflicting testimony of the character required by the law, and upon that alone. We think no prejudicial error was committed by the failure to give the instruction.

■■ The third question is as to whether the amount of damages was excessive. The evidence showed that for a period extending over practically six months plaintiff suffered great pain so that she was unable to work for a greater part of the time, and suffered a loss in wages thereby. It is true the amount of wages lost was small in comparison with the ver-

dict, but when damages are asked as a result of pain and suffering, it is impossible to fix a definite sum which compensates therefor, and the amount must be left to the jury, subject to review for abuse of discretion. *Maloney* v. *Winston Bros. Co.,* 18 Idaho 740, 111 Pac. 1080, 47 L. R. A. (N. S.) 634. The court, in its instructions, correctly set up the measure of damages, and there is nothing in the record which would indicate that the jury was actuated by passion and prejudice.

On the whole case, we think no prejudicial error was committed, and the judgment is necessarily affirmed.

ROSS, C. J., and McALISTER, J., concur.